## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBIN M. KNEBEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 09-CV-262-WDS |
| | ) | |
| **WAL-MART STORES, INC. and,** | ) | |
| **ANDREW McFADDEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are plaintiff's motion to remand (Doc. 10), to which defendants have filed a response (Doc. 15), and defendant McFadden's motion to dismiss (Doc. 19), to which plaintiff has filed a response (Doc. 22).[1]

### BACKGROUND

Plaintiff, Robin M. Knebel, sustained injuries when she slipped and fell on water at defendant Wal-Mart's store in Highland, Illinois, on August 4, 2008. On that date, Andrew McFadden, the other named defendant in this case, was the assistant store manager of the Highland Wal-Mart store. On February 20, 2009, plaintiff filed suit in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois (Doc. 2) against defendants Wal-Mart and McFadden. The complaint alleges that defendants each engaged in six (6) negligent acts that

---

[1] Also before the Court is defendant McFadden's motion to strike (Doc. 24) plaintiff's response to defendant's motion to dismiss as untimely filed. The Court notes that plaintiff filed her response to defendant McFadden's motion to dismiss on June 9, 2009, one day after the deadline set for filing a response had expired. Plaintiff has now filed a motion for leave to file a response instanter (Doc. 24), which seeks leave to file her response out of time on the grounds that she erroneously thought that the deadline was set for June 9th, rather than June 8th. The Court **FINDS** that no prejudice will result to defendant McFadden by allowing plaintiff's response to be filed. The Court **GRANTS** plaintiff's motion for leave to file a response instanter (Doc. 24) and defendant McFadden's motion to strike (Doc. 24) is **DENIED**.

resulted in plaintiff's injuries.[2]

Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, arguing that plaintiff, an Illinois resident, fraudulently joined defendant McFadden, also an Illinois resident, to defeat this Court's diversity jurisdiction. Defendants contend that defendant McFadden did not owe plaintiff a duty of care because he was not present on the day of plaintiff's injury and did not implement policy at the store. Therefore, defendants maintain that plaintiff's claims against defendant McFadden cannot succeed under Illinois law, that the Court should dismiss him from this action, and that this Court has jurisdiction over the removed action.

## ANALYSIS

**I. Motion to Remand**

Plaintiff seeks remand because she and defendant McFadden are both citizens of the State of Illinois, thus destroying diversity of citizenship for the purposes of federal jurisdiction. Defendants argue that plaintiff fraudulently joined defendant McFadden in an attempt to undermine this Court's jurisdiction.

The party seeking removal has the burden of establishing federal jurisdiction. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985

---

[2] Plaintiff alleges that defendants Wal-Mart and McFadden each breached their respective duty to plaintiff by: (1) failing to keep the floor and walkways in the Bakery/Deli Department clean, dry, and reasonably safe; (2) failing to warn that the floors of the Bakery/Deli Department were wet and hazardous; (3) failing to inspect the floors of the Bakery/Deli Department; (4) failing to instruct, train, and supervise the employees of the Bakery/Deli Department; (5) failing to discover the wet condition of the floor in the Bakery/Deli Department; and (6) tracking water on the floor of the Bakery/Deli Department.

F.2d 908, 911 (7th Cir. 1993)).  Removal based on federal diversity jurisdiction requires that the parties be of completely diverse citizenship and that the amount in controversy exceed $ 75,000. *See* 28 U.S.C. § 1332(a)(1); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004).[3]

Even when the parties to a suit are not completely diverse, a federal court may disregard a diversity-defeating defendant's citizenship on removal when that defendant has been fraudulently joined. Fed. R. Civ. P. 21; *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).  "When speaking of jurisdiction, 'fraudulent' is a term of art . . . in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulous v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).  To succeed on a claim of fraudulent joinder, "the movant must show that there is no possibility that plaintiff could establish a cause of action against the resident defendant in state court." *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l Inc.*, 842 F.2d 946, 950 (7th Cir. 1988).

**A.  Fraudulent Joinder**

---

[3]The parties do not dispute, and the allegations in the complaint are sufficient to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Specifically, plaintiff alleges that she suffered and will continue to suffer severe and permanent personal injuries, and that as a consequence she has suffered and will continue to suffer disability, pain and suffering, and the loss of normal life. (Doc. 2).  Plaintiff also alleges that she has incurred and will continue to incur bills for the care and treatment of her injuries and requests damages in excess of $50,000. *Id.*  The Court **FINDS** that these uncontroverted allegations establish that the amount in controversy exceeds $75,000, exclusive of interests and costs.  *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (diversity jurisdiction satisfied where complaint seeks damages "in excess of $ 50,000" and alleges "severe and permanent" injuries); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (diversity jurisdiction satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold").

Having concluded that the amount in controversy exceeds $75,000, the Court now must determine whether complete diversity of citizenship exists between the parties.  Defendants' jurisdictional submissions to the Court state that defendant McFadden is a citizen of the State of Illinois and that defendant Wal-Mart is a citizen of the states of Delaware and Arkansas.  Plaintiff is a citizen of the State of Illinois.  If defendant McFadden has been fraudulently joined, and the Court accordingly ignores his diversity-defeating citizenship on the removed action, then the requirement of complete diversity of citizenship between the parties has been met.

Having determined that the requirements for federal diversity jurisdiction have been met, the Court must resolve the fraudulent joinder issue. Without deciding the merits of the case, the Court must evaluate plaintiff's claims using an inquiry akin to that used on a motion brought under Fed. R. Civ. P. 12(b)(6), where the Court looks "initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant . . . ." *Hill v. Olin Corp.*, 2007 WL 1431865 *4 (S.D. Ill. May 14, 2007) (citation omitted). The fraudulent joinder test is more lenient than the Rule 12(b)(6) analysis because "a federal court is required to interpret both law and fact in the light most favorable to a plaintiff." *Id.* Any doubts arising over jurisdiction should be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 2003) (citation omitted).

The Court must first determine whether plaintiff can properly bring his claims of negligence against defendant McFadden. The complaint (Doc. 2) seeks recovery against McFadden for damages resulting from six (6) allegedly negligent acts.[4] Defendant McFadden submitted an affidavit stating that he could not have committed many of those alleged negligent acts because he was not present on the date of the alleged incident (Doc. 4). He also maintains that, as an assistant manager, he did not decide which policies and procedures should be implemented for the Highland Wal-Mart store. *Id.*[5]

---

[4] *See supra* note 2.

[5] Although piercing the pleadings is appropriate only in exceptional cases, that decision is committed to the Court's sound discretion. *Hill*, 2007 U.S. Dist. LEXIS at 18. The Court may take "a limited look outside the pleadings [that] does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits." *In re Briscoe*, 448 F.3d 201, 220 (3rd Cir. 2006). The Court **FINDS** that defendant McFadden's affidavit, although it presents evidence outside the pleadings, is worthy of consideration on the issue of fraudulent joinder because it sheds light on his connection to this case and, therefore, this limited review is necessary for the Court to complete its jurisdictional inquiry.

The Seventh Circuit has held that a diversity-defeating defendant's uncontradicted affidavit negating liability is sufficient to establish fraudulent joinder. *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992). Plaintiff does not challenge defendant McFadden's absence from the store on August 4, 2008. But, plaintiff argues, defendant McFadden's absence does not preclude a finding of liability against him on plaintiff's claim that he was negligent for failing to instruct, train, or supervise the employees of the Bakery/Deli Department. *Hauck v. ConocoPhillips Co.*, 2006 U.S. Dist. LEXIS 36889 * 3 (S.D. Ill. June 6, 2006); *See Also Butler v. Kohl's Dep't Stores, Inc.*, 2008 WL 1836684 (S.D. Ind. April 23, 2008); *Antonio v. Wal-Mart*, 2007 WL 2884371 (S.D. Ind. September 27, 2007).

Under Illinois law, "[a]n agent cannot be held responsible for the negligence of another agent unless he is guilty of fraud or gross negligence in the selection of such other agent or improperly cooperated with him in his acts or omissions." *Northrop v. Lopatka*, 610 N.E.2d 806, 810 (Ill. App. Ct. 1993) (citing with approval *Restatement (Second) of Agency* §358(1)[6])(other citations omitted). "The common law does not impose strict liability on an employee who is merely the supervisor, but not the employer, of the employee who commits the tort." *Northrop*, 610 N.E. at 810 (citing *McKinnon v. City of Berwyn*, 750 F.2d 1383, 1390 (7th Cir. 1984)). Although an agent cannot be held liable simply for being a supervisor, an agent can be held liable, but only when "[it] is based on the duty which he himself owed to the third person." *Behr v. Club Med, Inc.*, 546 N.E.2d 751, 760 (Ill. App. 1989). Although Illinois law likely does not

---

[6] The Restatement (Second) of Agency § 358 provides that "[an] agent of a disclosed or partially disclosed principal is not subject to liability for the conduct of other agents unless he is at fault in appointing, supervising, or cooperating with them." *Restatement (Second) of Agency* § 358(1) (1952). Illustration 1 provides an analogous set of facts: "A is employed by P as a general manager. B, a servant under the immediate direction of A, is negligent in the management of a machine, thereby injuring T, a business visitor. A is not liable to T." *Restatement (Second) of Agency* § 358(1) illus. 1 (1952).

5

foreclose a cause of action against defendant McFadden for failing to supervise another agent, *Northrop*, 610 N.E.2d at 810, his absence from the store on the date in question undermines plaintiff's claim that he was negligent for failing to supervise.

With respect to plaintiff's claim that McFadden was negligent for his failure to instruct and train the employees in his department, Illinois law is not so clear. In *Fountain v. J.C. Penney Corp., Inc.*, 2007 WL 1208813 (S.D. Ill. May 3, 2007), this Court recognized that a cause of action exists against an employer, and employee, or both, for torts allegedly committed in a case with facts similar to the one *sub judice*. *Id.* at *3. In *Fountain*, a store patron slipped on a coat hanger, which was lying on the floor, and sustained injuries. *Id.* at *1. She then sued the store, J.C. Penney, and its manager, Gregory W. Crain. *Id.* The store and its manager alleged that the manager was fraudulently joined to defeat diversity jurisdiction. *Id.* The Court concluded that the store patron could maintain a cause of action against the store, the store manager, or both, on the grounds that they can be found jointly and severally liable. *Id.* at *3 (citing *Lasko v. Meier*, 67 N.E. 2d 162, 166 (1946)). The *Fountain* court then cited the uncontroversial principle that the store manager could be found liable as the "active tort-feasor [who] committed the act which caused the injury." *Id.* (quoting *Laver v. Kingston*, 137 N.E.2d 113, 115-16 (3d Dist. 1956)). The court concluded that a reasonable possibility existed that an Illinois state court could rule against the defendant store manager on the store patron's claim of negligence against him. Similarly, in *Chuffo v. Ramsey*, 55 F. Supp.2d 860 (N.D. Ill. 1999), the district court recognized, at least implicitly, that a plaintiff could state a claim under Illinois law for negligence against a nurse who allegedly failed to properly train and supervise the attending nurses on her staff. *Id. at* 867. The Court **FINDS** that Illinois law does not foreclose a cause of

action against a store manager for negligently failing to train his or her employees.

Although defendant McFadden's uncontradicted affidavit states that he is an assistant manager, and does "not decide which polices and procedures should be implemented for the Highland Wal-Mart store," that statement is not liability-negating. *Faucett*, 960 F.2d at 655. Even if defendant McFadden took no part in deciding which policies and procedures should be implemented at the Highland Wal-Mart store, he could still have owed a duty to instruct and train employees regarding those policies and procedures implemented.  The Court cannot determine whether McFadden owed that duty on such a scant factual record.

Accordingly, the Court **FINDS** that a reasonable possibility exists than an Illinois state court could find against the diversity-defeating defendant, McFadden. Therefore, the Court **FINDS** that the record is insufficient, as it currently stands, to support a finding that defendant McFadden has been fraudulently joined to this action.

## II.  Motion to Dismiss

Defendant McFadden also seeks dismissal and argues that plaintiff has not stated a colorable claim against defendant McFadden because "he did not work on the date of the alleged incident, he did not owe a duty to plaintiff, he did not have input on the policies and procedures implemented at Wal-Mart and he did not have exclusive control of the store's daily operations." (Doc. 19).  The grounds upon which defendant McFadden seeks dismissal are the same ground upon which he opposed the motion to remand.  McFadden argues now, as he did then, that he did not owe plaintiff a duty of care.  In light of the Court's ruling on plaintiff's motion to remand, the Court need not consider defendant's motion to dismiss.

## **CONCLUSION**

Upon review of the record, the Court **GRANTS** plaintiff's motion for leave to file a response (Doc. 25) to defendant McFadden's motion to dismiss.  The Court **DENIES** defendant McFadden's motion to strike (Doc. 24) plaintiff's response to defendant McFadden's motion to dismiss.  The Court **GRANTS** plaintiff's motion to remand (Doc. 10) and this case is **REMANDED** to the Circuit Court for the Third Judicial Circuit in Madison County, Illinois.  The Court **DENIES** defendant McFadden's motion to dismiss (Doc. 19) as moot.

**IT IS SO ORDERED.**

**DATED: September 24, 2009.**

                                              **s/ WILLIAM D. STIEHL**
                                                   **District Judge**